## ELYRIA (city) v WILLIAMS

Ohio Appeals, 9th Dist, Lorain Co

No 612. Decided Nov 4, 1932

Howard R. Butler, City Solicitor, Elyria, for plaintiff in error.

G. B. Findley, Elyria, for defendant in error.

WASHBURN, J.

The jury was justified in finding that the defendant maintained underneath said walk a water pipe leading from the property to a meter box in the ground between the walk and the curb, and that in the vicinity of said pipe one of the stones of said walk settled down from one-half to two inches, the testimony being in conflict as to just how much, but it was sufficient, in connection with the banks on either side, to cause water reaching said walk to collect and spread out over one of the stones of said walk so as to cover a strip thereof about two feet wide and extending a large part or all of the way across said walk.

There was evidence of the existence of such a condition for several years previous to the accident—a sufficient time to justify the jury in finding that the defendant had constructive notice of the same.

In February, 1930, water so collected and froze, forming a thin layer of ice over a portion of said stone, but the ice was not there a sufficient length of time before the accident to charge the defendant with notice of its being there, and the evidence does not show where the water came from.

The accident happened on the 8th day of February, 1930, in the daytime.

Plaintiff had not been on that street and knew nothing of said condition, and in going on an errand that day, her direct and proper route was over said sidewalk. There had been a slight snow and the walks generally were somewhat slippery, and as she stepped on said ice, which was covered with snow, she fell and was injured.

At the request of the defendant, the court submitted four questions, which the jury answered as follows:

"1. Was the obstruction complained of in the plaintiff's petition an unnatural and artificial accumulation of snow and ice or a natural and ordinary one?

"A. Artificial accumulation.

"2. Could the plaintiff in the exercise of ordinary care have seen and known the nature and character of the obstruction of which she complains at the time of passing over it?

"A. No.

"3. Could the plaintiff have easily avoided the obstruction of which she complains, either on the same walk, in the street or on the opposite side, or on any other walk, and reach her destination?

"A. No.

"4. Was the sidewalk on which the plaintiff was walking in a reasonably safe condition for travel in the usual modes?

"A. No."

We find that the jury was justified in finding that the plaintiff was not guilty of contributory negligence.

As to the negligence of the defendant, the court charged as follows:

"The law implies that the city of Elyria, being a municipal corporation, shall have the care, supervision and control of the streets, and shall cause them to be kept open, in repair and free from nuisance. This obligation includes, of course, as a part of the streets, the sidewalks and cross-walks, and therefore imposes upon the city the duty of keeping the sidewalks and cross-walks open and in repair and in reasonably safe and suitable condition for pedestrians passing along the same. This requires a reasonable vigilance in view of all the surroundings, and does not exact or require that which is impracticable. When the municipal authorities have done that which is reasonable in this regard, they have discharged the entire obligation imposed by law. It is to be said also that the city is not bound at all hazards to have knowledge of defects in sidewalks. The city is not an insurer of the safety of its public ways and sidewalks, or of the lives and limbs of persons passing over and along them. It is the duty of the city to exercise ordinary care and prudence in the taking care of its streets, and this includes sidewalks; and by ordinary care I mean that degree of care which individuals of ordinary prudence are accustomed to use and employ under the same or similar circumstances, in order to conduct the enterprise in which they are engaged to a safe and successful termination, having due regard for the rights of others and for the objects to be accomplished. In general terms, then, such is the duty of the city in the care, supervision, control and maintenance of its streets. * * *

"I will now define to you what is meant by the word 'nuisance' in the provision of the statute that I have read. A nuisance is something done or omitted to be done which has the effect of prejudicially and unwarrantably affecting the rights of another person, and works a damage or injury to such other person. If this sidewalk had become out of repair, was defective in the particulars claimed, if it had become dangerous, unsafe to cross over, maintained there by the city with knowledge of its defects and dangerous character, then that was the maintaining of a nuisance within the meaning of the law, and if the plaintiff was injured without fault on her part, under such circumstances she would have a right of action predicated upon the nuisance so maintained.

"I say to you further, if you find the city had actual notice of this defect, if there was a defect, or if such defect had existed for such a period of time as that the city, in the exercise of reasonable care, ought to have known it, the rule to be applied is as follows: If there occurs a defect in a street upon such short notice or under such circumstances as that the city had no knowledge of it, and in the exercise of ordinary care could not know it, could not be expected to know it, then no liability arises against the city for that reason. So it is requisite as one of the things to be established, either that the city had actual notice of the defect, or that it had existed for such a length of time and under such circumstances and surroundings as, in the exercise of ordinary care, it must be held to have known it, ought to have known it, because it was bound to have known it by reason of its long existence. * * *

"I say to you that the plaintiff does not claim in her petition or in her evidence that she was caused to stumble and fall at the point where she claims that she fell by stubbing her foot or feet against the tilted flagstone that she claims was covered with ice, nor does she claim that she stumbled against any embankment, if any there was, at the ends of said flagstone, nor does she claim she stepped into any depression, if any there was, caused by a tilted flagstone. Her claim is that by reason of the said claimed tilted condition of a flagstone and embanked earth at the ends thereof rising above the flagstone, water was caused to collect and then froze, covering up a portion of said flagstone she claims was tilted, and that on said ice thus formed she slipped and fell. * * *

"I say to you, ladies and gentlemen of the jury, that the defendant in this case cannot be held liable simply because the plaintiff fell on the sidewalk in question and was injured. She can only recover on the evidence. And she must prove by a preponderance of the evidence, first, that the defendant was guilty of negligence on its part in the particulars I have heretofore enumerated to you, which negligence on its part proximately brought about the injuries to the plaintiff. The plaintiff cannot recover in this action simply by proving that she slipped and fell on any formed ice on the sidewalk in question. In order to recover, she must have furnished the burden of proof, first, that the defendant was negligent in the manner in which it maintained the flagging on which plaintiff claims ice was formed and on which she claims she slipped and fell, and she must prove by a preponderance of the evidence in addition to said claimed defective maintenance of said flagging that the defendant carelessly and negligently left embankments next thereto by which water was retained that formed said ice complained of. And the plaintiff must further prove by a preponderance of the evidence that the defendant did not use ordinary care with reference to looking after said flagging and embankments, and that by failure so to do, ice formed, on which the plaintiff slipped and fell, for if the defendant used ordinary care in caring for said walk at the point in question to keep the same free from nuisance, using such care as persons of ordinary care and prudence are accustomed to exercise in laying and maintaining stone sidewalks, then the plaintiff cannot recover; and whether or or not this sidewalk of which complaint is made was on the part of the defendant carelessly and negligently maintained and looked after, you should take into consideration your common knowledge about sidewalks of that character and their maintenance in municipalities of the character of the city of Elyria. The plaintiff must not only have proven those things by a preponderance of the evidence in order to recover, but she must have proven by a preponderance of the evidence that the city knew of said claimed defects, if there were any defects as claimed by the plaintiff, that brought about her injuries, or that such claimed defects had existed for such a length of time that the defendant should have known of the same. * * *

"On the other hand, if the plaintiff has proven by a preponderance of the evidence, first, that the defendant negligently and carelessly maintained said sidewalk in question, as claimed, by which negligence and carelessness ice formed, on which the plaintiff slipped and fell, and that defendant knew of said condition of said walk, or that the same had existed so long that the defendant should have known, and that the plaintiff was without the slightest negligence on her part that proximately contributed to bring about her own injuries, then in that event the plaintiff would be entitled to your verdict."

The court also charged the jury before argument, at the request of the defendant, as follows:

"Request No. 3. Before a city can be charged with constructive notice of any defective condition in a city sidewalk, such condition must have existed for such length of time prior to the accident as the city through its officers or agents, in the exercise of ordinary diligence, could and should have known of such condition."

"Request No. 4. If a sidewalk of a city is in reasonably safe condition for public travel and by the collection or formation of ice thereon suddenly becomes dangerous, the city cannot in law be charged with negligence because of such dangerous and unsafe condition, nor can it be held liable therefor, where it has neither actual nor constructive notice of such conditions."

The court also charged the jury in the general charge upon the subject of negligence, proximate cause, and burden of proof.

Thus we see that the court gave to the defendant the full protection of the law applicable to the situation and fully and fairly submitted to the jury the question of whether the defendant was guilty of negligence in permitting said walk to be and remain in a condition which was not reasonably safe for travel in the usual modes and in such condition as to cause ice to form on said walk in freezing weather.

The jury specifically found that the presence of ice was not due to natural causes but was due to the negligence of the defendant in permitting said condition to exist and that the walk was not reasonably safe for travel in the usual modes. We do not find that such findings are manifestly against the weight of the evidence.

This is not a case where the ice accumulated through the sole agency of the ele-

ments, which would not constitute an actionable defect in the walk, nor is the case ruled by **Village of Leipsic v Gerdeman, 68 Oh St 1,** for in that case it does not appear that the village had any possible connection with the creation of the defect in the walk or that it was known to the village or had existed for such a period of time that it ought to have been known by the village, and it further appears that it "was known to and seen by the plaintiff as she approached it on the morning of the accident." The case turned upon whether there was actionable negligence because the village "wrongfully suffered or **permitted** ice to form or remain on said sidewalk" and did not involve the question of whether the village was negligent in not remedying a situation which was known or should have been known by it, and which caused water to collect on the walk that it should have reasonably anticipated would be frozen into ice.

In the case at bar, the banks which prevented the water from running off, and the pipe underneath where the stone settled, presented a situation which was in the nature of a structural defect which was peculiarly liable to cause the formation of ice, and in such a case the law applicable where the icy condition of the walk is solely due to the action of the elements, is not controlling, and therefore the court did not commit error in refusing to direct a verdict for the defendant.

Some criticism is made of that part of the charge quoted above which refers to a nuisance, the claim being that insomuch as the petition did not refer to said condition as a nuisance the court introduced an element or ground of negligence which was not pleaded.

We do not think that the charge is subject to that criticism. The controversy was in reference to the condition of the walk, and we find no prejudicial error in what the trial judge said on the subject of a nuisance, when considered in connection with the whole charge.

It is also claimed that there was misconduct on the part of the jury and the trial judge in reference to instructions during the deliberations of the jury, given in the absence of and without notice to counsel.

We do not find that any instructions were so given or that there was any conduct on the part of the trial judge or jury which was or might have been prejudicial to the defendant.

There are some other matters about which complaint is made, but we do not deem it necessary to refer to them in detail. We have carefully examined all of them and find no prejudicial error in the record.

The judgment is therefore affirmed.

PARDEE, PJ, and FUNK, J, concur in judgment.